**ORIGINAL**

## IN THE UNITED STATES COURT OF CLAIMS

—————————————————-X

MITCH TAEBEL,

PLAINTIFF.

V.

CITY OF LOS ANGELES,

DISTRICT ATTORNEY'S OFFICE

RESPONDENTS.

—————————————————-X

**18-108** **C**

CASE_____

**FILED**

**JAN 2 3 2018**

**U.S. COURT OF FEDERAL CLAIMS**

COMPLAINT

PETITIONER'S CONSTITUTIONAL RIGHTS HAVE BEEN VIOLATED IN THE COUNTY OF LOS ANGELES. THE UNITED STATES CONSTITUTION ARTICLE III SECTION 3:

"NO PERSON SHALL BE CONVICTED OF TREASON UNLESS ON THE TESTIMONY OF TWO WITNESSES TO THE SAME OVERT ACT"

ALTHOUGH THE CONSTITUTION ONLY MENTIONS SEVERAL CRIMES BY FEDERAL LAW THIS IS AN APPLICABLE TO THE CONSTITUTIONAL OBLIGATIONS OF DUE PROCESS AND THE FOURTH AMENDMENT.

**TO PROSECUTE A CHARGE WITHOUT PROBABLE CAUSE IS A CRIMINAL ACT**

18 USC SECTION 242:

DEPRIVATION OF RIGHTS UNDER ANY COLOR OF LAW

"WHOEVER, UNDER COLOR OF ANY LAW, STATUTE, ORDINANCE, REGULATION, OR CUSTOM, WILLFULLY SUBJECTS ANY PERSON IN ANY STATE... TO THE DEPRIVATION OF ANY RIGHTS, PRIVILEGES, OR IMMUNITIES SECURED OR PROTECTED BY THE CONSTITUTION OR LAWS... SHALL BE FINED UNDER THIS TITLE OR IMPRISONED... NOT MORE THAN ONE YEAR, OR BOTH; AND IF BODILY INJURY RESULTS FROM THE ACTS COMMITTED IN VIOLATION OF THIS SECTION... SHALL BE FINED UNDER THIS TITLE OR IMPRISONED NOT MORE THAN TEN YEARS, OR BOTH... IF SUCH ACTS INCLUDE KIDNAPPING OR AN ATTEMPT TO KIDNAP... SHALL BE FINED UNDER THIS TITLE, OR IMPRISONED FOR ANY TERM OF YEARS OR FOR LIFE, OR BOTH, OR MAY BE SENTENCED TO DEATH."

ALLEGATIONS WERE CONTRADICTED BY EVIDENCE AND OTHER STATEMENTS. THERE WAS NO PROBABLE CAUSE.

THE VIDEO [EXHIBIT] A SHOWS PETITIONER LEAVING WITH GIRL 11:13 AM, TIME STAMP IS CONSISTENT WITH OTHER VIDEOS OF THE PREMISE. ALLEGATIONS DESCRIBE 911 CALL WAS MADE AFTER A 10 MINUTE CONVERSATION AT A NEARBY LOCATION. "WAS LATER ASKED IF THEY TALKED FOR AROUND 60-90 MINUTES) PG 2. POLICE REPORTS [EXHIBIT B].

"SAID THAT SHE DIDN'T AGREE TO MEET AND DIDN'T PLAN TO MEET HIM AFTER GAS STATION... THEY DID NOT HAVE A CONVERSATION ABOUT AN UPCOMING SHOOT OR BUYING A DILDO" PG. 2

"AT AROUND 1100 HOURS, TAEBEL LEAVES FIRST AND LEAVES OUT OF THE SAME DRIVEWAY." PG. 2.

"METRO SECURITY GUARD.. STATED THAT HE KNOWS THE VEHICLE [OWNED BY PETITIONER].. VEHICLE PARKS IN METRO LOT FREQUENTLY" PG 3

"SHE FOLLOWED HIM OVER TO THE LOT" PG. 2

ALLEGATIONS WERE CONTRADICTED BY EVIDENCE AND OTHER WITNESSES. THERE WAS NO PROBABLE CAUSE.

EXIGENT CIRCUMSTANCES CANNOT BE ARGUED. WITHOUT A WARRANT THE ARREST NEVER SHOULD HAVE BEEN MADE. THE CHARGE WAS UNCONSTITUTIONAL.

THE ARRESTING OFFICER SHOULD BE EXECUTED BY LAW.

THIS PETITION CLAIMS 1,000,000,000 USD.

DATED: JANUARY 12, 2018

IN OATH ANDS AFFIRMATION,

MITCH TAEBEL

2020 GOLDEN GATE DR.

LONG BEACH, IN 46360

# Exhibit A

EXHIBIT B

# ARREST REPORT

| BKG. NO. 3540668 | U.O. | LOC BKD. 4279 | DR./J.C. NO. NONE | | STATE | NO. N | EVID. | CRIME RPT. 13-15/0001 | LA |
|---|---|---|---|---|---|---|---|---|---|

**ARRESTEE'S LAST NAME** TAEBEL  **FIRST** MITCHELL  **MIDDLE** TIMOTHY  **SUF.**

VICTIM  BLK D,

ADDRESS 1942 [REDACTED]  APT. NO.

AIR A33343141

CITY STUDIO CITY  STATE CA

MAIN 33337123  RB 413317 JC2

| SEX M | DESCENT W | HAIR BRO | EYES GRN | HEIGHT 511 | WEIGHT 175 | BIRTHDATE 090186 | AGE 26 |
|---|---|---|---|---|---|---|---|

CDC #

PROBATION #

VEH. LIC. NO. ATP1194  STATE AZ  1586  AKA: LAST-FIRST- OR NICKNAME

A.L. CRIME WARR JUS. RLSE PAC AMD?

BIRTHPLACE XXUNK  X A PROB. INV. UNIT  JUV. DETAINED AT  AD. CHG.
XXUNK  US 15  N

## ADMONITION OF RIGHTS (WHEN APPLICABLE)

DIVISION 4215  DETAIL A  ARRESTING  DATE ARRESTED 042613  TIME ARR. 1320  TIME BKD. 1710

THE ADMONITION OF RIGHTS WAS READ VERBATIM PER FORM 15.03.00 BY: C-PAGE 3

LOCATION OF ARREST  VALLEY HEART DR.
LANKERSHIM  BL

TOTAL 1,000000  1,000000

DET 11 PINNER 27242

TYP. CHARGE & CODE F 209(B)(1)PC KIDNAP FOR SEX  WARRANT NO. ☆

NAME  SERIAL NO.

ADDITIONAL CHARGES (ON ADDL WARRS. LIST NO., COURT, AND BAIL, INCL. P.A.)

SOCIAL SECURITY NO. NONE

| ARRAIGN. DATE | TIME | COURT | LOCATION CRIME COMMITTED SAA | | R.D. | RESIDENCE PHONE NO. 2198719627 |
|---|---|---|---|---|---|---|

EMPLOYER / SCHOOL  NONE

OCCUPATION / GRADE  NONE  PHY. COD.  NONE

CLOTHING WORN  GRNHRT, BLUESHORTS, GRYSHOES

EXACT LOCATION / DISPOSITION ARRESTEE'S VEHICLE  ARCHERS TOW

HOLD FOR:

LIST CONNECTING RPTS. BY TYPE & IDENTIFYING NOS.

VEHICLE USED (YEAR, MAKE, MODEL, TYPE, COLORS, LIC. NO., ID MARKS)
06 TOYOTA TAC, PLS BLU ATP1194

PASSENGERS M 0 F

COMPLAINTS / EVID. OF ILLNESS / INJ-BY WHOM TREATED

DRIVING VEH. DIRECTIONS & NAME OF STREET, ST OR BETWEEN STREETS  RETAINED
N/B LANKERSHIM BL FROM CAMP DECHANGA

CASH NONE

DEPOSITED 6.00

## INVOLVED PERSONS  Code: V: VICTIM  W: WITNESS  P/A: PRIVATE PERS.  TO: TRUE OWNER  R: PERSON RPTG.  459: S - PERSON SECURING, D - PERSON DISCOVERING  JUV: P - BOTH PARENTS, G - GUARDIAN

| NAME | V & W'S | SEX | DESC. | D.O.B. | ADDRESS | CITY | ZIP | PHONE | DAY | X |
|---|---|---|---|---|---|---|---|---|---|---|
| V CONFIDENTIAL | | | | | R | | | | | |
| | | | | | E-MAIL | | | CELL | | |
| | | | | | R | | | | | |
| | | | | | E-MAIL | | | CELL | | |
| | | | | | R | | | | | |
| | | | | | E-MAIL | | | CELL | | |

## COMBINED CRIME REPORT

IF MULTI. ARRESTEES THIS SECTION & ABOVE CRIME RPT. CHECK BOX IS COMPLETED ON ONLY ONE FACE SHEET.

TYPE OFFENSE  Kidnap For Sex 209(B)(1)PC

VIC'S OCCUPATION UNK

DATE AND TIME CRIME OCCURRED 4-26-13  1215

TYPE PROPERTY

TOTAL $—

EST. DAMAGE $—

TYPE PREMISES PKG LOT

489? BY ONLY/POINT AND METHOD OF ENTRY

WEAPON / FORCE / INSTRUMENT USED  BODY

TRV / BFV ONLY - VIC'S VEH. (YR., MAKE, TYPE, LIC.)

NO UNIQUE ACTIONS SUSP PULLED VICT IN AN ATT TO PUT HER IN HIS CAR FOR SEX.

☐ GANG RELATED  ☐ MOTIVATED BY HATRED / PREJUDICE  ☐ DOMESTIC VIOLENCE  ☒ MANDATORY MARSY'S RIGHTS CARD PROVIDED TO THE VICTIM

## COMBINED EVID. RPT.

USE THIS SECTION IN LIEU OF PROPERTY REPORT IF ONLY ONE ARRESTEE, NO GUN, AND NO MORE THAN 2 ITEMS OF EVID.

LOC. EVID. BKD.

10,10.00 BKD?  Y  N

Preliminary Drug Test

SUPV./ INV. OFCR. TESTING  SER. NO.  WITNESS OFCR.  SER. NO.

ITEM QUAL. ARTICLE  SERIAL NO./TYPE TEST OF DRUG  BRAND/DRUG WEIGHT UNITS  MODEL NO./DRUG TEST RESULT  MISC.

## APPROVAL / REPORTING OFFICERS

SUPERVISOR APPROVING REPORT [signature]  SERIAL NO. 41714

RAP SHEET ATTACHED ☐ YES ☐ NO

REPORTING OFFICERS  SERIAL NO.  DIV. & DETAIL  VACATION
MIHALIK  41120  NHUD

OFFENSE REDUCED ☐ CLERK ☐ YES ☐ NO

I.P.P. ARREST OFCR. BKG. EVID. IF LISTED ON THIS PAGE
POOLER  25794  A67  Juv

INVEST. OFCR.  SERIAL NO.  DIV.

## JUVENILE DISPO.

Petition Request:  ☐ DETAINED  ☐ RELEASED  ☐ NON-BOOK  ☐ NON-BOOK & WARR.

FINAL CHARGE, IF DIFFERENT THAN ORIGINAL (SECTION, CODE & DEFINITION)

IF REFERRED, AGENCY & PERSON ACCEPTING REFERRAL

SUPERVISOR APPROVING  SERIAL NO.

PROPERTY BOOKED?  Y  N

IF YES, 10.08.00 COMPLETED?  Y  N

JUV. COORD. REVIEWING  SERIAL NO.

| 11 ☐ C & R | 12 ☐ EXON-INNOCENT | 04 ☐ CYA | 15 ☐ JUV. TRAF. MISD. | 18 ☐ DCS |
|---|---|---|---|---|
| 11 ☐ ACTION SUSP | 13 ☐ REL-INSUF. EVID. | 05 ☐ PROBATION | 17 ☐ FIRE DEPT. | 19 ☐ OTHER |
| 14 ☐ PROVED ADULT | 03 ☐ COMMUNITY SERVICE | 05 ☐ OTK. LAW ENF. AGENCY | 10 ☐ DEPT. MENTAL HEALTH | |

DATE / TIME DISPO. REPROD.  DIV. / CLERK

05.01.02 (11/11)  1304260023 ARREST REPORT

**CONTINUATION SHEET**

Los Angeles Police Department

| PAGE NO. | TYPE OF REPORT | | | | BOOKING NO. | OR NO. |
|---|---|---|---|---|---|---|
| 2 | CRIME AND ARREST Kidnap for Sex | | | | 3540668 | 13-15 |

| ITEM NO. | QU AN | ARTICLE | SERIAL NO | BRAND | MODEL NO. | MISC DESCRIPTION (EG. COLOR, SIZE, INSCRIPTIONS, CALIBER, REVOLVER, ETC) | DOLLAR VALUE |
|---|---|---|---|---|---|---|---|

SUSP: Taebel, Mitchell Timothy      **CHARGE: 209 (b)(1) PC Kidnapping**      DOB: 09/01/1986

**VICT:**

**SOURCE OF INVESTIGATION:**
On 4/26/2013 at approximately 1225 Hrs, My partner Ofcr M. Pooler #25194 and I, Ofcr R. Mihalik #41120 were working North Hollywood Division, assigned unit 15A67. We were in full uniform, driving a marked black and white police vehicle when we received a radio call "Susp vehicle blu Toyota p/u Lic Az ATP1194/Susp M/W, 25 yrs tried to force PR into his vehicle, PR has marks on her arm/ See woman in gold kia." Lankershim Bl/Campo De Cahuenga. Inc #130426002312, RD 1586.

**INVESTIGATION:**
Upon our arrival at approximately 1225 Hrs, we met with the Vict.      She appeared to be physically shaken and stated that she was at the gas station pumping gas (
)The vict stated that the Susp pulled up next to her and gave her compliments on her tattoos. Vict talked with the Susp for a few minutes and then finished pumping gas. Vict then got in her car and drove to the                    (Metro station) and parked to wait for a friend to meet her.
)

Upon stepping out of her vehicle in the Metro station parking lot, Vict stated that the Susp immediately pulled up next to her. The Susp then got out of his vehicle and began talking to the Vict about her tattoos again. Vict stated that the Susp became sexually aggressive all of the sudden and grabbed her left arm with both of his hands. The Susp then tried to pull the Vict towards the opened driver side door of his vehicle. The Vict stated that it took her two steps to regain her balance before pulling her arm away. Susp stated "We can go inside the car, we can have fun". Believing the Susp wanted to have sex, the Vict replied "No". Susp stated "Oh, turn around let me see." Vict stated the Susp grabbed her butt and then flashed her, showing her his flacid penis. Susp then brushed his hand up against the Vict's right breast, got into his vehicle and fled the location in an unk direction. The Vict got inside her vehicle and dialed 911.

Upon completing our investigation, we were at the I/S of Campo de Cahuenga and Lankershim Bl facing east bound. My partner observed a vehicle that matched the Susp's description driving N/B on Lankershim Bl. We immediately turned and followed the vehicle. The vehicle license plate matched the plate number given by the Victim. We requested a backup unit, supervisor and air ship before initiating a high risk traffic stop at Lankershim Bl and Valleyheart Dr. My partner took the Susp into custody without incident and placed him in the back of our police vehicle.

Detective II Pinner #27242 went to the crime location and met with the Vict. He was advised that a possible Susp was in custody. Det Pinner gave the Vict the field show up admonishment and drove her to the scene of the Susp. From 100 feet away, with a clear and unobstructed view from the rear seat of the police vehicle, the Vict positively identified the Susp.

**CONTINUATION SHEET**

*/DDD )*

| PAGE NO. 3 | TYPE OF REPORT | | CRIME AND ARREST Kidnap for Sex | | | BOOKING NO. 3540668 | DR NO 13-15 |
|---|---|---|---|---|---|---|---|

| ITEM NO. | QU AN | ARTICLE | SERIAL NO | BRAND | MODEL NO. | MISC DESCRIPTION (EG. COLOR, SIZE, INSCRIPTIONS, CALIBER, REVOLVER, ETC) | DOLLAR VALUE |
|---|---|---|---|---|---|---|---|

Los Angeles Police Department

**ARREST:**
Susp was placed under arrest for 209 (b) (1) – Kidnapping for sex. The suspect was transported to N Hollywood Station.

**INJURY/MEDICAL TREATMENT:**
None

**PHOTOGRAPHS:**
Ofcr Pooler took (6) photographs total. (2) photographs of the Vict and (4) photographs of the Susp's vehicle. The photographs were sealed in an envelope and given to Detective II Pinner.

**BOOKING:**
The Susp was booked into Van Nuys Jail per the advice of the North Hollywood Division Watch Commander Sergeant II .Mann #24668.

**EVIDENCE:**
None

**ADDITIONAL:**
Metro Security guard (                              ) stated that he knows the description of the Susp vehicle.        stated that the Susp vehicle parks in the Metro parking lot frequently, He stated that the vehicle is parked there as early as 0600 hrs sometime and that there is a sunshade usually in the window.        believes the Susp lives in his vehicle.

At North Hollywood Station Det Pinner #27242 admonished the Susp via Form 15.03. The Susp answered Yes, yes, yes, yes and yes. See Det Pinner's follow up investigation.

I, Ofcr Mihalik #41120 let the Vict use my tape recorder to record what occurred on 4/26/2013 at the gas station and Metro station located at 3901 Lankershim Bl.

**COURT INFORMATION:**
All Ofcrs can testify to the contents of this report.

**LOS ANGELES POLICE DEPARTMENT**
**FOLLOW-UP INVESTIGATION**                          ☐ MULTIPLE

| DATE THIS REPORT 4/30/13 | DATE ORIGINAL RPT. 4/26/13 | SPECIFIC TYPE ORIGINAL RPT. (ADW, TFV, EVID, ARREST/BURG, ETC)  **KIDNAPPING FOR SEX** | R.D 1586 | DR 131510001 |
|---|---|---|---|---|

| VICTIM/BOOKED TO/ARRESTEE (as on original report) | IF RECLASSIFYING TO HOMICIDE SEX/DESCENT/AGE VICT'S: | BKG NO. (Suppl. to Arrest) | WORK FOLDER PERIOD ORIG. RPT / INDEX NO |
|---|---|---|---|

**CASE STATUS**  ☐ CLEARED BY ARREST   ☐ CLEARED OTHER   ☐ REPORT UNFOUNDED   ☐ INVESTIGATION CONTINUED

Use this section only to add or correct info - do not repeat info from previous reports.  Complete entire suspect info if making final disposition.

| DATE OCCURRED | CHANGE TO - ON OR BETWEEN MO DAY YEAR TIME | & | CHANGE TO - ON OR BETWEEN MO DAY YEAR TIME | TYPE ORIG RPT - CHANGE TO | RD- CHG. TO | DR CHANGE TO | INV. DIV. CHANGE TO |
|---|---|---|---|---|---|---|---|

| PROPERTY VALUE | ADDITIONAL LOSS | PARTIAL RECOVERY | TOTAL RECOVERY | DELETE FROM ORIG RPT | DESCRIPTION CHANGE | ITEM NOS. RECOVERED/DELETED (ON MULTI. RPTS. USE NARRATIVE) |
|---|---|---|---|---|---|---|

| S. | SEX | DESC | HAIR | EYES | HEIGHT | WEIGHT | DOB | AGE | NAME & ADDRESS (or name & charge, if arrested) | |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | M | W | BRO | GRN | 511 | 175 | 9-1-86 | 26 | Taebel, Mitchell   209(b)(1) PC, Kidnap for sex | |
| | | | | | | | | | ACTION TAKEN | LA OR BKG. NO. 3540668 |
| 2 | SEX | DESC | HAIR | EYES | HEIGHT | WEIGHT | DOB | AGE | NAME & ADDRESS (or name & charge, if arrested) | |
| | | | | | | | | | ACTION TAKEN | LA OR BKG. NO. |
| 3 | SEX | DESC | HAIR | EYES | HEIGHT | WEIGHT | DOB | AGE | NAME & ADDRESS (or name & charge, if arrested) | |
| | | | | | | | | | ACTION TAKEN | LA OR BKG NO |

**NARRATIVE** (USE BELOW COLUMNS FOR MULTIPLE REPORTS ONLY)

| P/T/D | MULTIPLE RPT. DR NOS. | TYPE OF CRIME | RD | VICTIM'S NAME | DATE ORIG. RPT. | VALUE |
|---|---|---|---|---|---|---|

**CASE SUMMARY:**
On April 26, 2013, suspect Taebel struck up a conversation with victim       in gas station. They chatted for a short time then Taebel followed her to a nearby parking lot. There he approached her again and they talked for some time. He tried to kiss her, touched her buttocks and breast. He tried to pull her into his vehicle to have sex with her. Taebel exposed himself and she repeatedly told him to stop and even punched him in the chest. She fled and he was arrested nearby. He admitted to most of the acts and that he wanted to have sex with her, but denied it was forceful.

**INVESTIGATION:**
North Hollywood Patrol Officers Pooler and Mihalik conducted the victim interview and arrest of Taebel on April 26, 2013. They documented their investigation in the arrest report.

Detective Pinner was assigned the follow-up investigation. Detective Pinner responded to the crime scene and the scene of the arrest.

     is a 20 year old female, who was getting gas when Taebel approached her in the gas station,
                    (at                              Chevron Station). This is next door to Universal Studios.     was upset and nervous about seeing the suspect and was a little more relaxed when she was told he wouldn't be able to see her in the back of the police car. A little while later, her friend     arrived and she      for a short time.

Detective Pinner and Officer J. Duvally, Serial No. 30991, gave     the field show-up admonition. Then we transported     to the scene of the arrest, around the corner from the crime scene. She immediately identified Taebel and the truck. She commented that the sticker on the truck was something like TBD and it had Arizona license plates on it.

| WAS PROPERTY BOOKED IN CONJUNCTION WITH THIS REPORT OR INCIDENT? | ☒ NO ☐ YES | IF YES, HAS 10.6 BEEN COMPLETED? | ☒ NO ☐ YES | |
|---|---|---|---|---|
| SUPERVISOR APPROVING | SERIAL NO. | REPORTING OFFICER(S) **MARTIN PINNER** | SERIAL NO 27242 | DIVISION NHWD |
| DATE & TIME REPRODUCED | DIVISION | CLERK | REPORTING OFFICER(S) **S. MURACHVER** | SERIAL NO 27875 | DIVISION DETS |

LAPD 03 14.0 (3/85) - DH (4/26/13)                    FOLLOW-UP INVESTIGATION

After returning from the field show up, we did a walk through with         She took us to the parking spaces they parked in. This summary will include that interview and the two phone calls that we had later in the day.

        stated that she had a short conversation with him at the gas station. She told him she was an actress and had done some commercials. She mentioned she was thinking about getting into the porn business in the future. She did tell him that her acting name, as would probably also be her porn name, was                .
She told him that she was going to the MTA parking lot to meet a friend. She and her friend were going to go to a sex shop after he arrived. They finished talking and they drove off in the same direction.         said that she didn't agree to meet and didn't plan to meet him after the gas station. They didn't exchange phone numbers or anything like that. They did not have any conversation about an upcoming shoot or buying a dildo to get ready for the shoot.

        drove straight over to the parking lot at the MTA center, which is just a few blocks away. She drove around the lot for a short time, trying to find a parking space. While driving around, she saw Taebel (who she called the guy) also driving around, apparently looking for a spot to park.         found a spot and parked, still waiting for her friend         to arrive. About two minutes after parking, Taebel parked next to her. They started talking again. They got out of their cars and stood between the cars and talked.         thought they talked for about ten minutes.         was later asked if they talked for around 60-90 minutes, but felt certain they had not. Taebel was aggressive toward         He would try to get close to her and touch her and she would tell her no, or to stop. He repeatedly asked her to get into his truck so they could have fun. She knew he wanted to have sex with her. She told him no. At one point he grabbed her arm and tried to pull her into the truck. She took two steps before regaining her balance and pulling away from him. Taebel pulled down his shorts and showed         his non erect penis. She noted that he had orange underwear. She only got a brief view of his penis as she turned away when he exposed his penis and touched it in front of her. They continued talking for a short time more. She said she was nervous and afraid, but didn't want to upset him. She felt if she kept him calm and talking, he wouldn't do anything to her. She turned around to use her phone in a shadow of the car, so she could better see her screen. He reached over and grabbed her buttock with his hand. She told him to stop and pushed his hand. Then as she turned around he brushed her right breast with his hand, or finger. She punched him in the chest and walked to her car. As she got in and back up, so did Taebel. She told him to wait so she could leave. She thought maybe he was going to block her in or something. She pulled back in to let him leave first and he did. Then she left. Before leaving the parking lot she called 911. She provided the operator with his license plate number.

**SUSPECT INTERVIEW:**
On April 26, 2013, 1530 hours, Detectives Pinner and T. Kirkpatrick, Serial No. 32185, interviewed suspect Mitchell Taebel at North at North Hollywood Station. The interview was recorded. Detective Pinner read Taebel his Miranda Rights off of form 3.11.20. Taebel answered yes, yes, yes and yes to the four questions asked of him. He agreed to talk about what had happened. Taebel said that he met the girl at the gas station where they talked for a while. He talked to her about her tattoos. She told him that she was going to a sex shop. They agreed to go across the street to the parking lot where they could be alone. She followed him over to the lot. They parked next to each other after they drove around looking for a spot. They talked and he tried to kiss her. Sometimes she back up and he walked forward. He did hold her arm, trying to talk her into getting into his truck to have sex. She didn't want to. At one point, he tried to kiss her and she punched him lightly in the chest. He said it wasn't hard and it didn't hurt. He denied touching her buttocks or her breasts. He said that he didn't try to force her into his car. Taebel denied exposing himself to         Taebel said that there were no problems between him and the girl. He denied that her punching him was a problem. He said she did not tell him no at any time. Taebel said he did not want a relationship with her, he just wanted sex. He didn't t asked, nor did he receive her phone number. He said he lifted his shirt once, maybe to show her how fit he was. Later, when we discussed how she knew what color underwear he was wearing, he assumed

she saw it when he lifted his shirt. We reminded him that he wasn't even sure what color his own underwear was until he looked himself. At first, when he lifted his shirt, his underwear was not exposed. The band along the top of his boxer brief style underwear is about an inch high. He had to pull down his shorts for us to see what color his underwear was. He said many times that she was blowing this out of proportion. He said they talked for about 30 minutes in the MTA lot.

Then as they were both driving out, they pulled alongside one another and talked for another 10 minutes, before they left. He asked us to check the video cameras to confirm his story. He said the video would show them driving together, with her following him, five times around the lot, looking for parking spaces. Then the video would show them leaving and stopping to continue to talk for ten more minutes half was out of the lot.

The girl told him that she was going to do pornography and her porn name was                    . She told him that she was going to pick up a special order at the sex shop. The special order was a large dildo that she was going to have to practice with, in preparation for an upcoming porn shoot or tryout. He looked her porn name up on his cellular phone, but didn't find anything.

**CHEVRON VIDEO:**
The Chevron Gas Station video was viewed by Detectives Pinner and T. Kirkpatrick #32185, on April 26, 2013. They will save the video for us to download.        arrived and began pumping gas at about 1045 hours. A couple of minutes after she arrives, Taebel pulls up next to her and they talk for around 10 minutes. At around 1100 hours, Taebel leaves first and        leaves out of the same driveway.

The Chevron clerk stated that he knew        because she was a frequent customer. He saw her on April 26, 2013 and thought the guy she was talking to may have been her boyfriend, because they seemed to get along so well. They came into the store together to get her change from pumping gas. He thought she offered him something to drink as they left, but wasn't sure exactly what she said.

The MTA parking lot appears to have cameras mounted in a few areas. Some of these cameras may catch some part of this crime, or at least them driving into or around the parking lot. We have yet to find out if the cameras are functioning or in use, or if they record. We will contact LASO for these details and if there is video, we will obtain it.

**CRIMINAL HISTORY:**
Mitchell Taebel has a criminal history for battery in New York. That case is still ongoing according to him. He just pled to disturbing the peace from a recent DUI arrest in Hollywood. He said he was also arrested for resisting the police.

**FILING REVIEW:**

On April 29, 2013        met with DDA Ransom for a pre-filing interview. Present in the interview was Detective Murachver.        had written out a statement of the incident that is attached to this report. Her interview was consistent with the statement she wrote. She did state that when leaving the gas station, Taebel told her he would wait with her in the parking lot near the metro station.        stated that she told him it was okay to go with her. They then parked next to each other and her car was to the left of his. While they talked in the lot she was near her right passenger door and he was standing by his driver's door with the door

opened.  When he grabbed her he pulled her maybe two feet towards his vehicle and she pulled away.  She then got in her vehicle and drove around the parking lot.   She saw Taebel leave in his vehicle but she lost sight of him when she moved her vehicle.

After reviewing the case DDA Ransom referred the case to City Attorney.

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | MISDEMEANOR COMPLAINT |
| Custody 04/30/2013   Bkg no. 3540668<br>Plaintiff, | Case number: 3PY02089 |
| vs. | FILED<br>JOHN A. CLARKE<br>Executive Officer/Clerk |
| MITCHELL TIMOTHY TAEBEL    09/01/1986  M | By_____<br>Deputy Clerk |
| P243.4(e)(1) | Issued by<br>CARMEN A. TRUTANICH |
| P314-1,P647a | City Attorney |
| | By_____<br>NICHOLAS FRATIANNE        (SR)<br>Deputy City Attorney |
| Defendant(s). | |

Comes now the undersigned and states that he is informed and believes, and
upon such information and belief declares: That on or about 04/26/2013 at
and in the City of Los Angeles, in the County of Los Angeles, State of
California, a misdemeanor, to wit, violation of Subdivision (e)(1) of
Section 243.4 of the California Penal Code was committed by the above-
named defendant(s) (whose true name(s) to affiant is(are) unknown), who at
the time and place last aforesaid, did willfully and unlawfully touch an
intimate part of another, to wit,  CONFIDENTIAL  against his or her will
for the specific purpose of sexual arousal, sexual gratification, and
sexual abuse.

TCIS 243.4(e)(1)/21


COUNT II

For a further, separate and second cause of action being a different
offense, belonging to the same class of crimes and offenses set forth in
Count I hereof, affiant further alleges that on or about 04/26/2013 at and
in the City of Los Angeles, in the County of Los Angeles, State of
California, a misdemeanor, to wit, violation of Subdivision (1) of Section
314 of the California Penal Code was committed by the above-named
defendant(s) (whose true name(s) to affiant is(are) unknown), who at the
time and place last aforesaid, did willfully, unlawfully, and lewdly

expose his person, and the private parts thereof, in a public place, and
in a place where there were present other persons to be offended and
annoyed thereby.

MCI 314(1)/21

COUNT III

For a further, separate and third cause of action being a different
offense, belonging to the same class of crimes and offenses set forth in
Count I hereof, affiant further alleges that on or about 04/26/2013 at and
in the City of Los Angeles, in the County of Los Angeles, State of
California, a misdemeanor, to wit, violation of Subdivision (a) of Section
647 of the California Penal Code was committed by the above-named
defendant(s) (whose true name(s) to affiant is(are) unknown), who at the
time and place last aforesaid, did willfully and unlawfully solicit a
person and persons to engage in and did engage in lewd and dissolute
conduct in a public place and in a place open to the public and exposed to
public view.

MCI 647(A)/21

All of which is contrary to the law and against the peace and dignity of
the People of the State of California.  Declarant and complainant
therefore prays that a warrant may be issued for the arrest of said
defendant(s) and that he may be dealt with according to law.

Attached hereto and incorporated by reference as though fully set forth
are written statements and reports, consisting of  pages, which constitute
the basis upon which I make the within allegations.

A declaration in Support of the Issuance of Such Warrant is Submitted.

Executed at Los Angeles, California, on 04/30/2013.

I declare under penalty of perjury that the foregoing is true and correct.

_____

Declarant and Complainant

INFORMAL DISCOVERY NOTICE

TO THE ABOVE-NAMED DEFENDANT(S) AND/OR ATTORNEY(S) FOR DEFENDANT(S):

Plaintiff, the People of the State of California, hereby requests discovery/disclosure from the defendant(s) and his or her attorney(s) in this case pursuant to Penal Code Sections 1054.3 and 1054.5.

YOU ARE HEREBY NOTIFIED that if complete disclosure is not made within 15 days of this request, plaintiff will seek -- on or before the next court date, or as soon as practicable thereafter -- a court order enforcing the provisions of Penal Code Section 1054.1, subdivisions (b) and (c).  This is an ongoing request for any of the listed items which become known to the defendant(s) and his or her attorney(s) after the date of compliance.

The written statements and reports attached hereto constitute discoverable materials designated in Penal Code Section 1054.1.   Any additional material discoverable pursuant to Penal Code Section 1054.1 that becomes known to plaintiff will be provided to the defense.

If, prior to or during trial, as a result of this request plaintiff obtains additional evidence or material subject to disclosure under a previous defense request or court order pursuant to Penal Code Section 1054.1,  plaintiff will disclose the existence of that evidence or material within a reasonable time.

DISCOVERY MATERIALS SHOULD BE DELIVERED TO A DEPUTY CITY ATTORNEY IN MASTER CALENDAR COURT ON THE FIRST TRIAL DATE.